IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **YONI REYES VILLATORO,** § | | |
| **#A073724783,** § | | |
| PETITIONER, § | | |
| § | | |
| v. § | CIVIL CASE NO. 3:24-CV-3106-E-BK | |
| § | | |
| **WARDEN, PRAIRIELAND DETENTION** § | | |
| **CENTER,** § | | |
| RESPONDENT. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and Special Order 3, this case was referred to the United States magistrate judge for case management, including the entry of findings and a recommended disposition. On December 12, 2024, Petitioner Yoni Reyes Villatoro, a detainee in the custody of Immigration Customs Enforcement, filed a *pro se* federal petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 2. As detailed here, the petition should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.[1]

**I. BACKGROUND**

On June 26, 2024, upon Villatoro's guilty plea to the charge of possession of child pornography, the trial court deferred the adjudication of his guilt and sentenced him to five years community supervision. *State v. Villatoro*, No. F21-31789, *Ord. of Deferred Adjudication* (292nd Jud. Dist. Ct., Dallas Cnty., Tex., June 26, 2024); Doc. 8 at 2. In his federal habeas

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS (Habeas Rule 4) ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

petition, Villatoro challenges the voluntariness of his guilty plea contending the court "fail[ed] to disclose the potential immigration consequences." Doc. 2 at 4. He requests that his conviction be vacated. Doc. 2 at 12. However, Villatoro filed neither a direct appeal nor a state habeas application. Doc. 2 at 2; Doc. 8 at 4.[2] Thus, the Court concludes that his petition is unexhausted and should be dismissed without prejudice.

## II. ANALYSIS

Courts may raise the exhaustion requirement *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (discussing the court's duty under Habeas Rule 4 "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state" and highlighting the "long line of precedent establishing the authority of courts to raise non-jurisdictional defenses *sua sponte* in habeas cases" (citations omitted)); *see also Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) ("[T]here is no doubt that a federal court may raise *sua sponte* a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete." (citations omitted)).

A state prisoner must exhaust all available state-court remedies before a federal court will consider the merits of his habeas claims. *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Exhaustion of state-court remedies "'is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court.'" *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain*, 179 F.3d 271,

---

[2] The trial court's docket sheet is available on the Dallas County Website at https://courtsportal.dallascounty.org/DALLASPROD/Home/Dashboard/29 (last accessed on Jan. 6, 2025).

275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Villatoro has not satisfied the exhaustion requirement. His response to the court's questionnaire and a search of the applicable state court online docket sheets confirm that he did not file an appeal or a state habeas application challenging the June 2024 order of deferred adjudication. Thus, the Texas Court of Criminal Appeals has not had an opportunity to consider Villatoro's claims and so they remain unexhausted.[3]

### III. CONCLUSION

For all these reasons, Villatoro's petition for writ of habeas corpus should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b) and (c); Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS.[4]

**SO RECOMMENDED** on January 10, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] The Fifth Court of Appeals and Court of Criminal Appeals docket sheets are accessible online at https://www.txcourts.gov/5thcoa/ and http://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c, respectively (both last accessed Jan. 6, 2025).

[4] The one-year statute of limitations for filing habeas corpus petitions in federal court applies to this petition as well as to any other petition that the petitioner may file in this court. *See* 28 U.S.C. § 2244(d).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).